COOLEY LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
CLAIRE A. MCCORMACK (241806) (cmccormack@cooley.com)
BRETT H. DE JARNETTE (292919) (bdejarnette@cooley.com)
EMILY B. HARRINGTON (319657) (eharrington@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Defendants
NVIDIA CORPORATION,
JENSEN HUANG, COLETTE M. KRESS,
ROBERT K. BURGESS, TENCH COXE,
PERSIS S. DRELL, JAMES C. GAITHER,
DAWN HUDSON, HARVEY C. JONES,
MICHAEL G. MCCAFFERY,
MARK L. PERRY, A. BROOKE SEAWELL,
and MARK A. STEVENS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re NVIDIA CORPORATION CONSOLIDATED DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No.: 4:19-cv-00341-HSG<br><br>**JOINT STIPULATION AND ORDER TO STAY PROCEEDINGS**<br><br>**[CIVIL L.R. 7-12]**<br><br>Related Case No.: 4:18-cv-07669-HSG<br><br>Current CMC:<br>Time:<br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Courtroom: 2 |

Pursuant to Civil Local Rule 7-12, plaintiffs Sanghyep Han, Yuju Yang, and The Booth Family Trust ("Plaintiffs") and defendants NVIDIA Corporation ("NVIDIA"), Jen-Hsun Huang, Colette M. Kress, Robert K. Burgess, Tench Coxe, Persis S. Drell, James Gaither, Dawn Hudson, Harvey C. Jones, Michael G. McCaffery, Mark L. Perry, A. Brooke Seawell, and Mark A. Stevens, (the "Individual Defendants," together with NVIDIA, the "Defendants," and together with Plaintiff, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on January 18, 2019, Plaintiff Sanghyep Han filed a shareholder derivative action on behalf of nominal defendant NVIDIA against the Individual Defendants, alleging violations of Sections 10(b), 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), SEC Rules 10b-5 and 14a-9, and breaches of fiduciary duty, unjust enrichment, and waste of corporate assets, captioned *Han v. Huang, et al.*, Case No. 3:19-cv-00341 (the "*Han* Action");

WHEREAS, on February 12, 2019, Plaintiff Yuju Yang filed a shareholder derivative action on behalf of NVIDIA against the Individual Defendants, asserting substantially similar factual allegations and claims as the *Han* Action, captioned *Yang v. Huang, et al.*, Case No. 3:19-cv-00766 (the "*Yang* Action");

WHEREAS, on February 19, 2019, Plaintiff The Booth Family Trust filed a shareholder derivative action on behalf of NVIDIA against the Individual Defendants asserting substantially similar factual allegations and many of the same claims as the *Han* and *Yang* Actions, captioned *The Booth Family Trust v. Huang, et al.,* Case No. 3:19-cv-00876 (the "*Booth* Action");

WHEREAS, on March 4, 2019, the Hon. Haywood S. Gilliam, Jr. granted a stipulation consolidating two federal securities class actions, *Iron Workers Local 580 Joint Funds v. NVIDIA Corporation, et al.,* Case No. 4:18-cv-07669-HSG and *Oto v. NVIDIA Corporation, et al.*, Case No. 4:18-cv-07783-HSG (the "Consolidated Class Action") that are currently pending against NVIDIA and two of its officers. The Consolidated Class Action is captioned *In re NVIDIA Corporation Securities Litigation*, alleges violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5, and is currently pending before this Court;

WHEREAS, on March 12, 2019, the Hon. Haywood S. Gilliam, Jr. granted Defendants' Administrative Motion to Relate and Consolidate Cases and to Appoint Co-Lead Counsel, thereby relating the *Han*, *Yang*, and *Booth* Actions to the Consolidated Class Action, consolidating the *Han, Yang,* and *Booth* Actions under Case No. 4:19-cv-00341-HSG, reassigning them to the Hon. Haywood S. Gilliam, Jr., and entitling the consolidated derivative action *In re NVIDIA Corporation Consolidated Derivative Litigation* (the "Consolidated Derivative Action") (ECF No. 19);

WHEREAS, the Parties have met and conferred concerning the most efficient manner in which

to litigate the Consolidated Derivative Action during the pendency of the Consolidated Class Action;

WHEREAS, the Parties agree that the resolution of the Consolidated Class Action will inform the manner in which the Consolidated Derivative Action proceeds;

WHEREAS, the Parties agree that in the interests of judicial economy and preservation of the Court's and Parties' resources, all proceedings in the Consolidated Derivative Action should be stayed in their entirety until after the entry of any order(s) on a motion to dismiss in the Consolidated Class Action;

WHEREAS, the Parties agree that Defendants need not answer, move or otherwise respond to the pending complaints in the Consolidated Derivative Action, or any subsequent complaint filed in the Consolidated Derivative Action, until after the entry of any order(s) on a motion to dismiss the Consolidated Class Action; and

WHEREAS, the Parties agree that within 30 days of entry of any order(s) on a motion to dismiss in the Consolidated Class Action, the Parties will meet and confer in good faith and propose either a further stay or a schedule in the Consolidated Derivative Action for Defendants' response(s) to the operative complaint(s), which will be subject to approval by the Court.

**STIPULATION**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties hereto, through their undersigned counsel, as follows:

1. The Consolidated Derivative Action shall be stayed in its entirety until the entry of any order(s) on a motion to dismiss the Consolidated Class Action.

2. Within 30 days of entry of any order(s) on a motion to dismiss in the Consolidated Class Action, the Parties will meet and confer in good faith and propose either a further stay or a schedule in the Consolidated Derivative Action for Defendants' response(s) to the operative complaint(s), which will be subject to approval by the Court.

3. Defendants need not answer, move, or otherwise respond to the pending complaints in the Consolidated Derivative Action, or any subsequent complaint filed in the Consolidated Derivative Action, until a response date is set and/or approved by the Court following the Court lifting the stay.

4. Defendants shall promptly notify Plaintiffs of any related derivative actions.

5. Defendants shall promptly notify Plaintiffs if a related derivative action is not stayed for a similar or longer duration than the Consolidated Derivative Action.

6. If Defendants produce documents or written discovery to plaintiffs in any related derivative action during the pendency of the stay, Defendants agree to provide a copy to Plaintiffs in the Consolidated Derivative Action.

7. Plaintiffs have the option to terminate the stay if a related derivative action is not stayed for a similar or longer duration by giving 30 days' notice via email to counsel for Defendants.

8. If the Parties in the Consolidated Class Action, or in any related derivative actions, choose to pursue mediation or engage in formal settlement talks, Defendants agree to include Plaintiffs in the Consolidated Derivative Action in the mediation or formal settlement talks. In the event plaintiffs in the Consolidated Securities Action or any related derivative actions object to including Plaintiffs in the Consolidate Derivative Action in the mediation or formal settlement talks, Defendants agree to mediate with Plaintiffs in the Consolidated Derivative Action at or about the same time.

9. The Parties do not seek this stay of proceedings for the purpose of delay, and the proposed stay will not have an effect on any pre-trial dates as the Court has yet to schedule these dates.

10. The Parties are not waiving any rights, claims, or defenses of any kind except as expressly stated herein, including the right to pursue formal discovery once this case is no longer stayed and/or to file any motion any Party deems appropriate, and the Parties reserve the right to seek further extensions of time as circumstances may warrant, subject to the Court's approval.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

| | | |
|---|---|---|
| 1 | Dated: March , 2019 | COOLEY LLP |
| 2 | | |
| 3 | | _____ |
| 4 | | PATRICK E. GIBBS (183174) |
| 5 | | *Attorney for Defendants*<br>NVIDIA CORPORATION, JENSEN HUANG, COLETTE M. KRESS, ROBERT K. BURGESS, TENCH COXE, PERSIS S. DRELL, JAMES C. GAITHER, DAWN HUDSON, HARVEY C. JONES, MICHAEL G. MCCAFFERY, MARK L. PERRY, A. BROOKE SEAWELL, and MARK A. STEVENS |
| 10 | Dated: March , 2019 | THE ROSEN LAW FIRM, P.A. |
| 11 | | |
| 12 | | _____ |
| 13 | | LAURENCE M. ROSEN (#219683) |
| 14 | | 355 South Grand Avenue, Suite 2450<br>Los Angeles, CA 90071<br>Telephone: (213) 785-2610<br>Facsimile: (213) 226-4684<br>Email: lrosen@rosenlegal.com |
| 17 | Dated: March , 2019 | THE BROWN LAW FIRM, P.C. |
| 18 | | |
| 19 | | _____<br>TIMOTHY W. BROWN |
| 20 | | 240 Townsend Square<br>Oyster Bay, NY 11771<br>Telephone: (516) 922-5427<br>Facsimile: (516) 344-6204<br>Email: tbrown@thebrownlawfirm.net |

| | | |
|---|---|---|
| 1 | Dated: March  , 2019 | WEISSLAW LLP |
| 2 | | |
| 3 | | |
| 4 | | DAVID KATZ<br>David C. Katz<br>New York, New York 10036<br>Telephone: (212) 682-3025<br>Facsimile: (212) 682-3010<br>Email: dkatz@weisslawllp.com |
| 5 | | |
| 6 | | |
| 7 | | *Co-Lead Counsel for Plaintiffs* |

### ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Northern District of California, Civil L. R. 5-1(i), I, Patrick E. Gibbs, hereby attest that the concurrence to the filing of the foregoing document has been obtained from the signatories.

Dated: March __, 2019           */s/ Patrick E. Gibbs*
                                PATRICK E. GIBBS (183174)

Attorneys for Defendants NVIDIA CORPORATION, JENSEN HUANG, COLETTE M. KRESS, ROBERT K. BURGESS, TENCH COXE, PERSIS S. DRELL, JAMES C. GAITHER, DAWN HUDSON, HARVEY C. JONES, MICHAEL G. MCCAFFERY, MARK L. PERRY, A. BROOKE SEAWELL, and MARK A. STEVENS

\*   \*   \*

### ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  MARCH 27, 2019

Hon. Haywood S. Gilliam, Jr.
United States District Court Judge